UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DULUTH SCREEN PRINTING, LLC,

                              Plaintiff,

                    v.

KORNIT DIGITAL NORTH AMERICA, INC. and
KORNIT DIGITAL LTD.,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: 1:25-cv-09441 (AT) (VF)

**REPORT OF RULE 26(F) CONFERENCE AND PROPOSED CASE MANAGEMENT PLAN**

      In accordance with Federal Rule of Civil Procedure 26(f) and Judge Figueredo's Individual Practices, the parties met on January 14, 2026 and exchanged communications thereafter. The parties now submit the following report for the Court's consideration:

    **1. Court Expectations:**

    **Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

    **Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

    **Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

    **Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Figueredo's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

**2. Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff:

Plaintiff Duluth Screen Printing, LLC ("DSP"), a Minnesota-based garment printing company, brings this action to recover damages stemming from its purchase of an "Atlas MAX" garment printer. DSP alleges that Defendants Kornit Digital North America, Inc. ("Kornit North America") and Kornit Digital Ltd. ("Kornit Digital," and collectively "Kornit"), the Atlas MAX's manufacturer, fraudulently induced DSP to purchase the Atlas MAX by making numerous false representations regarding its capabilities and print quality. DSP alleges that upon installation, the Atlas MAX failed to operate as warranted—for example, by printing in low quality or failing to print at all—resulting in missed deadlines, customer returns, and lost sales. DSP also alleges that Kornit failed to repair the Atlas MAX and engaged in a number of bad-faith behaviors to prevent the return of the Atlas MAX, such as declining to transmit written reports documenting the Atlas MAX's operational issues. Ultimately, DSP alleges that the Atlas MAX was unusable, leading DSP to hibernate the machine and attempt to resell it. DSP finally alleges that Kornit has interfered with its resale efforts by deterring potential buyers.

DSP brings claims for fraudulent inducement, breach of contract, breach of the implied covenant and good faith and fair dealing, breach of express warranty, breach of the implied warranty of merchantability, revocation of acceptance, and tortious interference with prospective business relations. DSP further maintains that the purported limitations on remedies and damages Kornit invokes are unenforceable due to, among other reasons, Kornit's bad faith.

Defendants:

On March 22, 2022, DSP purchased an Atlas MAX printing system from Kornit by executing the "Price Quotation PQ15924" (the "Agreement"), which incorporated Kornit's terms

and conditions. These terms included, among other things, an express (i) limited warranty for six months from the date of installation, with repair and replacement as the "sole and exclusive remedy"; and (ii) limitation of damages, capping them at "the total amount paid by [DSP] to Kornit for the specific product…giving rise to a claim against Kornit." *See* ECF No. 1-3 (§§ 8.1(a), 10.1) (the "Warranty"). Per the Warranty, "Kornit does not warrant uninterrupted or error-free operation" of the Atlas MAX, and instead expressly disclaims any such obligation. *Id.* at § 8.1(a).

In the months following installation of the Atlas MAX, DSP encountered challenges operating and maintaining the unit. DSP invoked its warranty, and Kornit service technicians made repeated visits by Kornit to (i) inspect the Atlas MAX, (ii) identify and correct errors, including those by DSP's staff, and (iii) instruct DSP personnel on proper protocol to operate and maintain the unit error-free.

Through the Complaint, DSP brings a variety of meritless claims against Kornit, including contract claims seeking "$1,250,000, representing the purchase price of the Atlas MAX printing system, *as well as consequential and incidental damages*, including, but not limited to, out-of-pocket costs, lost profits, lost business opportunities, and reputational harm suffered as a result of Kornit's conduct," *see* ECF 1, Prayer for Relief (a) (emphasis added), even though the terms and conditions governing the Agreement state expressly that damages are capped at the purchase price, ECF No. 1-3 (§ 10.1). DSP, recognizing that the Agreement does not support its claims/damages—and in an effort to sidestep the Agreement's express limitations—also asserts a variety of legally deficient tort claims, including fraud, tortious interference with prospective business relations, and others  If DSP refuses to amend its Complaint to only pursue cognizable claims and damages, then Kornit intends to seek to move to dismiss such deficient allegations.

3. **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. **Subjects on Which Discovery May Be Needed:**

Plaintiff:

DSP expects to take discovery on the following subjects: (1) Kornit's knowledge of the Atlas MAX's defects and inadequacies, both before and after its sale to DSP; (2) Kornit's sales strategy for the Atlas MAX, including any effort to boost revenue by selling sub-standard or defective machines; (3) Kornit's internal discussions and service reports regarding the issues with DSP's Atlas MAX and the parties' attempts to repair it; (4) Kornit's reasoning for unilaterally amending its Site Preparation Guide and T&Cs for the Atlas MAX; (5) Kornit's internal discussions regarding DSP's efforts to return or resell the AtlasMAX; and (6) Kornit's discussions with potential buyers of DSP's Atlas MAX. DSP reserves the right to seek discovery on additional topics as needed.

Defendants:

This case is still in its early stages, and Kornit believes that the Complaint pursues causes of action and remedies that are unavailable as a matter of law, and which should therefore be dismissed. The ultimate scope of discovery will depend on which claims and remedies remain in the case for discovery. Kornit expects discovery to include at least the following subjects: (1) DSP's and Kornit's negotiation and entry into the Agreement and warranty; (2) Kornit's repeated service visits and expenses incurred in servicing DSP's Atlas MAX; (3) DSP's site preparation, operating conditions, and use/maintenance of the Atlas MAX, including any actions by DSP which

caused or contributed to errors; (4) any attempts by DSP to install, repair, or otherwise affect the mechanics of DSP's Atlas MAX without the supervision, parts, and/or assistance of Kornit; and (5) DSP's alleged damages.

5. **Informal Disclosures:**

Plaintiff will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on **Friday, January 30, 2026**.

Defendants will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on **Friday, January 30, 2026**.

6. **Discovery Plan:**

The parties jointly propose to the Court the following discovery plan:

    a.    All fact discovery must be completed by **180 days after the Court's decision on Defendants' anticipated Rule 12(b)(6) Motion to Dismiss**. Within one week of the close of fact discovery, that is **187 days after the Court's decision on Defendants' anticipated Rule 12(b)(6) Motion to Dismiss**, the parties must file a joint letter on the docket certifying that fact is discovery is complete.

    b.    The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Figueredo's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

        i.  <u>Depositions</u>: Depositions shall be completed by **150 days after the Court's decision on Defendants' anticipated Rule 12(b)(6) Motion to Dismiss** and limited to no more than **10** depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

 ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before **30 days after the Court's decision on Defendants' anticipated Rule 12(b)(6) Motion to Dismiss**. All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

 iii. <u>Requests for Admission</u>: Requests for admission must be served no later than 30 days before the fact discovery deadline.

 iv. <u>Requests for Production</u>: Initial requests for production will be exchanged **30 days after the Court's decision on Defendants' anticipated Rule 12(b)(6) Motion to Dismiss** and responses shall be due **30 days thereafter**. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

 v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

**7. <u>Anticipated Discovery Disputes:</u>**

Describe any anticipated discovery disputes or proposed limitations on discovery:

<u>N/A.</u>

**8. <u>Amendments to Pleadings:</u>**

 a. Does any party anticipate amending the pleadings?

DSP reserves all rights to amend its pleading, including in response to Kornit's anticipated Rule 12(b)(6) Motion to Dismiss.

Kornit reserves the right to file a Rule 12(b)(6) Motion to Dismiss all or a portion of any subsequent amended Complaint.

 b. Last date to seek written consent or leave to amend any pleading pursuant to Fed. R. Civ. P. 15(a)(2) is **60 days after the Court's decision on Defendants' anticipated Rule 12(b)(6) Motion to Dismiss**. Amendment of pleadings after this date will only be permitted upon a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

**9. <u>Expert Witness Disclosures:</u>**

a. Does any party anticipate utilizing experts?

DSP reserves the right to utilize experts to assess issues including, but not limited to (1) DSP's Atlas MAX's technical defects, and (2) damages.

Kornit reserves the right to utilize experts to assess issues including, but not limited to (1) DSP's Atlas MAX's performance, (2) DSP's failure to properly prepare, use, and maintain DSP's Atlas MAX, and (3) alleged damages.

b. Expert discovery shall be completed by **90 days after the close of fact discovery**. Within one week of the close of expert discovery, that is **97 days after the close of fact discovery**, the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file.

**10. Electronic Discovery and Preservation of Documents and Information:**

a. Have the parties discussed discovery of electronically stored information (ESI)? Yes.

b. Is there an ESI discovery protocol in place? No.

c. If not, the parties expect to have one in place by **30 days after the Court's decision on Defendants' anticipated Rule 12(b)(6) Motion to Dismiss**.

d. Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference?

N/A.

**11. Early Settlement or Resolution:**

The parties **have** discussed the possibility of settlement. The parties request a settlement conference by no later than **15 days after the parties complete their briefing on Defendants'**

**anticipated Rule 12(b)(6) Motion to Dismiss**. The following information is needed before settlement can be discussed: N/A.

**12. Trial:**

a. The parties anticipate that this case will be ready for trial by **60 days after the close of expert discovery, subject to dispositive motion practice**.

b. The parties anticipate that the trial of this case will require **5** days **or less**.

c. The parties **do not** consent to a trial before a Magistrate Judge at this time.

d. The parties request a **bench** trial.

**13. Other Matters:**

Upon filing this action, DSP filed a Motion to File Redacted Complaint and Exhibit out of an abundance of caution in light of confidentiality provisions in the Atlas MAX's terms and conditions, (*See* Dkt. Nos. 10-14), although DSP defers to the Court's discretion as to whether there are in fact sufficient grounds for such redaction. On January 8, 2025, the Court ordered Kornit to "file any sealing motion by January 16, 2026." (Dkt. No. 27.) Kornit intends to file a letter brief in support of DSP's Motion to File Redact Complaint and Exhibit on January 16, 2026.

Further, as indicated by the parties' joint letter dated December 9, 2025 (Dkt. No. 25), Kornit intends to move to dismiss, and the Court has endorsed the parties' proposed pre-motion letter schedule (Dkt. No. 26). This schedule calls for Kornit to submit an initial letter to DSP, pursuant to Rule III.B.ii of the Court's Individual Practices, on January 13, 2026, which Kornit has submitted; for DSP to respond to Kornit's initial letter on January 30, 2016; for Kornit to file a pre-motion letter pursuant to Rule III.B.iii of the Court's Individual Practices on February 9, 2026; and for DSP to respond to Kornit's pre-motion letter on February 17, 2026.

[*Signature on the Next Page*]

Respectfully submitted this 16th day of January

| ATTORNEYS FOR PLAINTIFF(S): | ATTORNEYS FOR DEFENDANT(S): |
|---|---|
| SLARSKEY LLC | LATHAM & WATKINS LLP |

By: /s/Adam Hollander
Adam Hollander
Anthony C. LoMonaco
767 Third Avenue, 14th Floor
New York, New York 10017
(212) 658-0661
ahollander@slarskey.com
alomonaco@slarskey.com

*Counsel for Plaintiff Duluth Screen Printing, LLC*

By: /s/Blake T. Denton
Blake T. Denton
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Blake.Denton@lw.com

*Counsel for Defendants Kornit Digital North America, Inc. and Kornit Digital Ltd.*

Dated: New York, New York

_____, 2026

SO ORDERED.

_____
**VALERIE FIGUEREDO**
**United States Magistrate Judge**