**Blake T. Denton**
Direct Dial: (212) 906-1200
blake.denton@lw.com

# LATHAM&WATKINS LLP

January 16, 2026

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: January 21, 2026**

The request to seal is GRANTED. The Clerk of the Court is directed to maintain the redactions at ECF No. 1 and the sealing at ECF No. 1-2. The Clerk of the Court is respectfully directed to close the motion at ECF No. 30.

**VIA ECF**
The Honorable Valerie Figueredo
Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007-1312

Re: *Duluth Screen Printing, LLC v. Kornit Digital North America, Inc. et al.*,
Civil Action No. 1:25-cv-09441-AT-VF (S.D.N.Y.)

Dear Judge Figueredo:

Pursuant to Your Honor's December 2, 2025 and January 8, 2025 Orders [ECF Nos. 20 and 27], Kornit Digital North America, Inc. and Kornit Digital Ltd. (collectively, "Kornit") files this letter motion in support of Duluth Screen Printing, LLC's ("DSP") Motion to Seal Complaint and Exhibit (the "Motion") [ECF No. 11]. For the reasons set forth herein, the Court should allow permanent sealing of DSP's very limited redactions to the Complaint [ECF No. 1] and continue to seal the "Price Quotation PQ15924" dated March 22, 2022 (the "Price Quotation Agreement") [ECF No. 1-2].

**Background.** On or about March 22, 2022, the parties in this case executed the Price Quotation Agreement, which outlined the terms and conditions of DSP's purchase from Kornit of an Atlas MAX printing system (the "Atlas MAX"). ECF No. 1 at ¶ 58. Per its express terms, the Price Quotation Agreement is governed by Kornit's Product Terms and Conditions, "located at: http://www.kornit.com/product-use-terms-conditions/." *See id.* at ¶¶ 59-60; *see also* ECF No. 1-2; ECF No. 1-3 ("Product Terms and Conditions"). Section 7 of the Product Terms and Conditions contains a confidentiality provision requiring:

> Purchaser shall keep confidential the terms and conditions, including the commercial terms, at which Products, Services or Software are sold or licensed, any information, drawings, designs or manual received from Kornit or anyone on its behalf in connection with therewith and either marked as "confidential" or "proprietary" or which should reasonably be deemed as such, and shall not disclose such information to a third-party, except as required by law, provided, that Purchaser gives Kornit prompt notice thereof so that Kornit may seek a protective order or other appropriate remedy, and further provided, that if the same is not obtained, Purchaser shall

**LATHAM&WATKINS**LLP

> furnish only that portion of the information which is legally
> required.

ECF No. 1-3 at 7. Accordingly, on November 20, 2025, DSP moved to "publicly file its complaint with redactions to Paragraphs 64, 65, 67, and a portion of Paragraphs 5 and 211," which included "cost and delivery date information sourced from the Price Quotation Agreement," as well as to publicly file the Price Quotation Agreement in fully redacted form. *See* Motion and Memorandum of Law in Support of Motion [ECF Nos. 11, 12 at 3]. Notably, DSP did not seek to seal the Complaint in its entirety, nor did it redact non-confidential information about the parties' negotiations, business agreements, and performance.

On December 2, 2025, the Court ordered that "the Court will temporarily allow the Complaint to be filed with redactions and the Price Quotation Agreement … to remain under seal." ECF No. 20 at 1. On January 8, 2026, the Court ordered Defendants' letter motion to be filed by January 16, 2026, demonstrating why sealing is appropriate under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). ECF No. 27 at 1. Accordingly, Defendants now file this letter motion in support of permanent redactions to the Complaint and Price Quotation Agreement.

**Legal Standard.** There is a "presumption of [public] access" to court filings, but, under, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), courts "must balance competing considerations." *Id.* at 119-20 (quotations omitted). "Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if countervailing factors in the common law framework or higher values in the First Amendment framework so demand." *Id.* at 124 (quotations omitted). "Established factors and values that can outweigh the presumption of public access include . . . business secrecy." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020). "Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

Courts routinely seal confidential business information under *Lugosch* where its disclosure could cause the parties competitive business harm. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" (quoting *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y.1998))); s*ee also Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (sealing "proprietary business information"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing information including "customer names, account numbers, and pricing information"); *Rodo Inc. v. Guimaraes,* 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (citation omitted) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access" (internal citations omitted)).

**Kornit's Material Warrants Sealing.** The Price Quotation Agreement and references thereto in the Complaint contain non-publicly available commercial information regarding the pricing of the Atlas MAX and its accessories, as well as related service and maintenance terms and conditions. Public disclosure of this material would reveal details of Kornit's confidential pricing

January 16, 2026
Page 3

**LATHAM&WATKINS**LLP

and service contract terms, including Kornit's business practices for servicing printing systems and shipping equipment and parts. Disclosure of this information poses a substantial risk of misuse by competitors and other customers, which could cause Kornit significant harm. There are no legitimate, countervailing reasons against sealing, and the sealed information is not necessary for the public to understand this litigation.

**Kornit's Sealing Request is as Narrowly Tailored as Possible.** The redactions to the Complaint are minimal (limited to redactions to 5 paragraphs in a 250-paragraph complaint), and the parties only seek to seal one exhibit out of eight. Kornit's request is narrowly tailored to protect only information reflecting Kornit's non-public pricing information and service contract details, leaving the overwhelming majority of the Complaint and annexed documents unredacted and open to public review. These redactions appropriately balance the public and private interests, and in no way impede the public's ability to understand this litigation or the allegations therein. Courts in this district have found similar redaction requests reasonable and appropriate. *See, e.g., Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2022 WL 3910584, at *1-2 (S.D.N.Y. Aug. 31, 2022) (finding "sealing is narrowly tailored" where the "vast majority" of the sealed materials "directly pertains to the sensitive and/or proprietary business information").

Given the very minimal requested redactions, sensitive commercial nature of the redacted information, and the risk that customers, competitors, or other could misuse the materials if publicly disclosed for competitive business advantages, Kornit respectfully requests that the Court grants permanent sealing of the requested information.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Blake T. Denton⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽

Blake T. Denton
of LATHAM & WATKINS LLP

cc:    All Counsel of Record (via ECF)